UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

ENCO ZOLCSAK EQUIPAMENTOS INDUSTRIAIS LTDA., AND RELATED ENTITIES AND INDIVIDUALS,

Debtor in a Foreign Proceeding
_______________________________/

Chapter 15
Case No. ____________________

**VERIFIED PETITION FOR RECOGNITION OF FOREIGN MAIN PROCEEDING PURSUANT TO §§ 1515 AND 1517**

Alfredo Luiz Kugelmas, acting as trustee ("Trustee") within the meaning of 11 USC § 1502(6) for the Bankruptcy Estate of Enco Zolcsak Equipamentos Industriais Ltda. ("Enco") and related entities and individuals ("Zolcsak"),[1] through his attorneys, Astigarraga Davis Mullins & Grossman, PA, respectfully moves this Court for entry of an order pursuant to § 1517 of the Bankruptcy Code recognizing as a Foreign Main Proceeding a bankruptcy action pending in the 4th Civil Court of São Bernardo do Campo, São Paulo, Brazil ("Brazilian Court"), and as more fully described herein, granting relief pursuant to §§ 1520 and 1521 of the Bankruptcy Code and any additional relief that may be available under Chapter 15 of the Bankruptcy Code.

**PRELIMINARY STATEMENT**

1. The Trustee has commenced this case pursuant to 11 USC § 1504 seeking recognition of a proceeding ("Zolcsak Proceeding") pending in the Brazilian Court as a Foreign Main Proceeding, as defined in 11 USC § 1502(4) and § 101(23), and seeking relief as of right under § 1520 and further relief available under § 1521.

---

[1] As discussed below, the term "Zolcsak," unless otherwise noted, includes not only Enco but also various entities and individuals to whom the effects of the bankruptcy in Brazil were extended.

2. The Statement of Foreign Representative, as required by § 1515(c) of the Bankruptcy Code, together with a list of Administrators, Parties and Entities pursuant to Rule 1007(a)(4) of the Federal Rules of Bankruptcy, is attached hereto as **Exhibit "A."**

3. As required by § 1515 of the Bankruptcy Code, this Petition is accompanied by a certified and translated copy of orders from the Zolcsak Proceeding showing the existence of an active "foreign proceeding" involving Zolcsak, and reflecting the appointment of the Trustee as a "foreign representative," attached hereto as part of **Composite Exhibit "B."**

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 USC §§ 157 and 1334, and 11 USC §§ 109 and 1501. Venue of this proceeding is proper in this judicial district pursuant to 28 USC § 1410. This is a core proceeding under 28 USC § 157(b)(2)(p).

## FACTUAL BACKGROUND

### The Zolcsak Entities

Before its bankruptcy in 1997, Enco, the main company of the Zolcsak group of companies, had at its peak over 1,200 employees and supplied about 70% of painting equipment for the major automotive companies in Brazil, including Ford, Volkswagen, and General Motors. Enco had been founded by the late Mr. István Zolcsák ("István"). Along with Enco, István had founded and operated other companies, most of them located in Brazil.

At one point István married Mrs. Ilona Zolcsak, with whom he had two children, Pedro Hungria Zolcsak and Georgina Ilona Irma Zolcsak ("Georgina"). István also had a relationship with one Rosa Bodnar, with whom he had a daughter named Rose Lynda Bodnar Zolcsak.

In April 1996, István suffered a debilitating stroke and his son, Pedro Hungria Zolcsak, requested a court to appoint him as provisory guardian to his father. The request was granted.

Around this same time, Pedro Hungria Zolcsak had himself appointed President of Enco, mainly with the votes from his father's shares.

**<u>The Collapse of Enco and Related Zolcsak Companies</u>**

Enco's financial condition began deteriorating rapidly after Pedro Hungria Zolcsak's guardianship of his father began and he took over as President of Enco. For instance, there were problems with meeting payroll, resulting in many of the company's employees going unpaid.

In addition, despite his father István having made it clear that he did not want Rosa Bodnar involved in the operation of the companies, Pedro Hungria Zolcsak named her Vice President of Enco and removed his sister Georgina and mother Ilona from their management positions.

Due to concerns about how the companies were being managed, Pedro Hungria Zolcsak's sister Georgina on November 25, 1996 petitioned the Civil District Court of the City of São Bernardo do Campo requesting an order from the court to certify and check what assets belonged to the Enco companies. In the petition, Georgina alleged that because of Pedro's wrongdoings Enco and related Zolcsak companies collapsed. Specifically, Georgina alleged that after Pedro had all the powers to manage Enco, he implemented a plan to misappropriate assets from Enco, principally by stopping the paying of employees' salaries and taxes. Moreover, Georgina alleged that Pedro filed a lawsuit to collect assets of the Enco companies and stopped the operations without the authorization of the other shareholders. Further, Georgina alleged that Pedro's lawsuit resulted in the issuance of an injunction appointing a Brazilian national, José Eduardo Papa dos Santos ("Mr. Santos"), as a liquidator and depositor of the assets that he should collect on Enco's behalf. Georgina also alleged that after Mr. Santos' appointment as a liquidator, he and Pedro started selling off Enco's assets, including its machinery, at low prices, and that as a

result of these and other developments, many creditors of Enco filed petitions requesting the bankruptcy of the Enco companies.

**The Bankruptcy Proceeding**

Around the same time Georgina filed the lawsuit trying to obtain guardianship of her father, a creditor of Enco who was owed some $42,000 filed a petition with the Brazilian court requesting that Enco be placed in bankruptcy. On March 6, 1997, the Brazilian court granted the petition and placed Enco in bankruptcy. In that same order, Mr. Kugelmas was appointed as Trustee. A certified translated copy of this order is attached hereto as part of Composite Exhibit "**B**." Mr. Kugelmas remains Trustee in the Zolcsak Proceeding, as reflected by a court document dated September 13, 2010. A certified translated copy of this document is attached hereto as part of Composite Exhibit "**B**".

Shortly thereafter, the Trustee filed a petition with the Brazilian Court to extend the effects of the bankruptcy to various other related companies and individuals, whom the Trustee argued had been operated along with Enco as a single economic enterprise. On March 19, 1997, the Brazilian Court granted the Trustee's request. A certified translated copy of this order is attached hereto as part of Composite Exhibit "**B**". The Brazilian Court ordered that the bankruptcy would be extended to include the following companies: (i) Zolco S.A. Equipamentos Industriais; (ii) Enco Zolcsak Equipamentos Para Indústria Naval e Petrolifera Ltda.; (iii) Zolcsak Mão de Obra Temporária Ltda.; (iv) Hidromation Zolco Filtros Ltda.; (v) Pedro Hungria Agropecuária Ltda.; and (vi) Agropecuária e Madereira Zolco Ltda. Furthermore, the Brazilian Court also ordered the corporate veil of these corporations to be pierced, and that the following individual shareholders of these companies should be personally liable for the companies' debts: (i) István Zolcsak; (ii) Ilona Zolcsak; (iii) Georgina Zolcsak; (iv) Rose Lynda Bodnar Zolcsak;

(v) Rosa Bodner; and (vi) Pedro Hungria Zolcsak. For purposes of this Verified Petition, Enco, along with these companies and individuals, are collectively referred to as "Zolcsak," unless otherwise specifically noted.

Numerous appeals from the Brazilian Court's March 19, 1997 order were filed, including by the shareholders. Of these, the only ones who were successful on appeal were Georgina Zolcsak, Rose Lynda Bodnar Zolcsak, and Pedro Hungria Agropecuária Ltda. The other shareholders remain personally liable for the debts of Zolcsak.

**The Chapter 15 Petition**

5. The Zolcsak Proceeding remains pending and the Trustee is overseeing efforts to identify, locate, and capture assets belonging to the Estate. Today the Zolcsak Estate has significant but as of yet unliquidated liabilities from hundreds of creditors, while the assets recovered to date total only some $5 million reais (approximate US$3.1 million in today's exchange rate).

6. The Trustee desires to proceed with an investigation into the assets of Zolcsak, including, for example, as to assets that are in the U.S. or that were transferred through the U.S., as well as transactions involving Zolcsak with persons or entities located in the U.S.

7. Based on the Trustee's investigation and other sources as discussed above, the Trustee has a good faith belief that a significant amount of assets were diverted to locations in the U.S., and in particular Miami. Among other things, the Trustee believes that a) Pedro Hungria Zolcsak operates or has operated various businesses in Miami; and b) Pedro Hungria Zolcsak through his own name or the name of his businesses has or had owned various parcels of real property.

## Brazil is the Center of Main Interests

7. Brazil is the center of main interests, as that term is used in 11 U.S.C. § 1502(4), 1516(c) and 1517(b)(1). Among other things, all of the Zolcsak entities to whom the Brazilian Court extended the effects of the bankruptcy were Brazilian companies. The same is true with respect to the individuals that were subjected to the effects of the bankruptcy – they were Brazilian residents and live there today. As well, the creditor who initiated the bankruptcy was Brazilian, and, of course, the bankruptcy proceedings took place in Brazil.

## RECOGNITION IS APPROPRIATE

8. The Trustee has satisfied each of the requirements for recognition of the Zolcsak Proceeding under Chapter 15 of the Bankruptcy Code.

(a) The Trustee qualifies as a "foreign representative" as defined in 11 USC § 101(24) because he is a person authorized under applicable Brazilian law, who has been designated by the Brazilian Court to act in that capacity.

(b) The Zolcsak Proceeding is a "foreign main proceeding" as defined in 11 USC § 101(23) and 1502(4), because it is (i) pending in Brazil, which is Zolcsak's "center of main interests," as such term is used in §§ 1502(4), 1516(c) and 1517(b)(1); and (ii) a collective judicial proceeding under which Zolcsak's assets and affairs are subject to the supervision of the Brazilian Court for the purpose of the bankruptcy.

## RELIEF REQUESTED

9. In furtherance of his duties, the Trustee seeks an Order pursuant to §§ 105(a), 1507, 1517, 1520 and 1521 of the Bankruptcy Code and, if necessary, Rule 65 of the Federal

Rules of Civil Procedure as made applicable herein by Rule 7065 of the Federal Rules of Bankruptcy Procedure, granting the following relief:

(a) Recognizing the Zolcsak Proceeding as a Foreign Main Proceeding as defined in § 1502(4) of the Bankruptcy Code and the Trustee as the Foreign Representative;

(b) Granting relief as of right upon recognition of a foreign main proceeding pursuant to § 1520 of the Bankruptcy Code;

(c) Granting further additional relief as authorized by § 1521 of the Bankruptcy Code, including, without limitation:

(i) staying the commencement or continuation of any action or proceeding without the consent of the Trustee concerning the assets, rights, obligations or liabilities of Zolcsak to the extent not stayed under § 1520(a) of the Bankruptcy Code;

(ii) staying execution against the assets of Zolcsak to the extent not stayed under § 1520(a);

(iii) suspending the right to transfer or otherwise dispose of any assets of Zolcsak to the extent this right has not been suspended under § 1520(a);

(iv) providing for the examination of witnesses, the taking of evidence or the delivery of information concerning the assets, affairs, rights, obligations or liabilities of Zolcsak, and finding that such information is required in the foreign proceeding under the law of the United States;

(v) entrusting the administration or realization of all or part of the assets of Zolcsak within the territorial jurisdiction of the United States to the Trustee;

(vi) entrusting the distribution of all or part of assets of Zolcsak located within the United States to the Trustee and finding that the assets of the creditors of Zolcsak are sufficiently protected thereby;

(vii) otherwise granting comity to and giving full force and effect to the orders of the Brazilian Court, and any other order issued and to be issued, in the Zolcsak Proceeding; and

(viii) awarding the Trustee such other and further relief as this Court may deem just and proper.

## HEARING AND NOTICE

10. The Trustee requests that the Court set the date for a hearing, pursuant to § 1517(c) of the Bankruptcy Code "at the earliest possible time."

## CONCLUSION

11. The Trustee respectfully requests that this Court enter an order substantially in the form of the proposed order attached hereto as **Exhibit "C"**, and grant it such other and further relief as may be just and proper.

Dated: May 11, 2011

Respectfully Submitted,
Astigarraga Davis
Mullins & Grossman P.A.
*Attorneys for Trustee/Petitioner*
701 Brickell Avenue, 16th Floor
Miami, Florida 33131
Telephone (305) 372-8282
Facsimile (305) 372-8202
Email: ggrossman@astidavis.com
edavis@astidavis.com

By: s/ Gregory S. Grossman
Gregory S. Grossman
Florida Bar No. 896667
Edward H. Davis
Florida Bar No. 704539

**VERIFICATION**

I, Alfredo Luiz Kugelmas, declare under penalty of perjury under the laws of the United States of America, 28 U.S.C. §1746, that I am a court-appointed Trustee for Zolcsak, and that, in such capacity, I have the authority to make this verification; that my Brazilian counsel, Henrique Forssell, read to me the foregoing Verified Petition For Recognition in Portuguese; and that the facts and matters alleged and contained therein are true and correct to the best of my knowledge and belief, based upon my own personal knowledge of the facts involved and upon my review of the books and records customarily kept and maintained by Zolcsak.

Dated this 11th day of May, 2011

Alfredo Luiz Kugelmas